UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

GOLD COAST RESTAURANTS, INC.,
d/b/a LEVEROCKS,

      Debtor.
_____/

Chapter 11

Case No. 04-18529-8M1

**DEBTOR'S APPICATION FOR ORDER AUTHORIZING
THE EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC.
AS CONSULTANTS FOR GOLD COAST RESTAURANTS, INC.
*NUNC PRO TUNC* TO SEPTEMBER 22, 2004**

Debtor, GOLD COAST RESTAURANTS, INC., d/b/a LEVEROCKS, by and through its undersigned attorneys, hereby files this Application for Order Authorizing the Employment of Development Specialists, Inc. as Consultants for Gold Coast Restaurants, Inc. *nunc pro tunc* to September 22, 2004 (the "Application"). In support of the Application, the Debtor would show:

1. On September 22, 2004 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtor has continued to operate its business and manage its property as debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code and order of this Court.

3. Gold Coast Restaurants, Inc. is in the business of operating seven seafood restaurants.

4. By this Application and pursuant to §§327 and 328 of the Bankruptcy Code, the Debtor seeks authorization of this Court to retain and compensate the firm of Development Specialists, Inc. ("DSI"), located at 200 South Biscayne Boulevard, Suite 900, Miami, Florida 33131 to provide financial, management and consultant services on the terms and conditions set forth in the engagement letter agreement entered into by DSI and the Debtor on August 31, 2004, a copy of which is attached to the Declaration of Joseph J. Luzinski and incorporated herein by this reference thereto (the "Engagement Agreement").

5. Subject to the control and further order of this Court, as set forth in the Engagement Agreement, DSI will perform the following services (collectively, the "Consulting Services") for the Debtor:

    a. Assist Debtor in the development of a strategy/plan to restructure its current operating assets;

    b. Assist Debtor in the evaluation of overhead and operating expenses to estimate operating needs and minimize operating losses;

    c. Provide management services and consulting services as required to assist Debtor to manage the restructuring process, and implement restructuring plans;

    d. Assist in negotiations with lenders, landlords, lessors and creditors to maximize asset values and minimize claims;

    e. Assist in the preparation of bankruptcy schedules, reporting systems and compliance systems as required by the Bankruptcy Court; and

    f. Perform such other tasks as may be agreed to by DSI and directed by Debtor.

    6. For its services pursuant to the Engagement Agreement, the Debtor desires to pay DSI the hourly rates set forth in the Engagement Agreement and to reimburse DSI for its expenses.

    7. The Debtor believes that the employment of DSI pursuant to the terms of this Application and the Engagement Agreement is in the best interests of the estate. In connection with formulating its strategy to maximize the recovery for creditors, the Debtor determined it was necessary to find a sophisticated professional firm that could assist the Debtor in exploring all possible scenarios for reorganization or restructuring.

    8. The Debtor decided to engage DSI to assist it in developing financial information and formulating alternatives for the restructuring of the Debtor.

    9. The Debtor submits that it requires the services of a qualified outside professional firm to perform the Consulting Services. In the course of its engagement by the Debtor prior to the commencement of this Chapter 11 case, DSI has become familiar with the Debtor's financial affairs. The Debtor, therefore, believes that retaining DSI to render the necessary services is both time and cost efficient, and is preferable to retaining a firm lacking any familiarity with the Debtor.

    10. As a fiduciary, the Debtor believes that it is incumbent upon it to simultaneously pursue all attractive strategic alternatives in order to maximize the value of distributions under a reorganization plan. Among those alternatives may be a sale of the Debtor or the sale of certain assets. It is imperative that the Debtor have available to

it the expertise and knowledge of DSI in pursuing these various alternatives and in successfully implementing the chosen alternative. It would unduly delay the Debtor's successful reorganization if it were required to hire a consultant who is not familiar with its financial situation.

11. The Debtor believes that DSI is eminently qualified to serve it in this Chapter 11 case and that the retention of DSI is in the best interests of the Debtor and its estate, creditors and interest holders.

12. No previous application for relief sought herein has been made to this or any other court.

13. As set forth in the Affidavit of Joseph Luzinski (the "Luzinski Affidavit") attached hereto, DSI does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein, and DSI has no connections with the Debtor, any creditors of the Debtor, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee. The Luzinski Affidavit specifically states that Joseph Luzinski is serving as the chapter 7 trustee in the case of Abraham D. Gosman, in which Stichter, Riedel, Blain & Prosser, P.A. represent the chapter 7 debtor.

14. As set forth in the Engagement Agreement, the Debtor has agreed to indemnify DSI as well as its officers, directors, employees and agents for claims arising out of its employment, except where caused by the willful misconduct, dishonest,

4

fraudulent acts or omission or gross negligence of any DSI personnel, officers, directors, employees or agents.

15. The Debtor believes that DSI is well qualified to represent it herein and that the retention of said firm is in the best interest of the Debtor and the estate.

16. No trustee has been appointed in this case.

WHEREFORE, the Debtor respectfully requests that this Court enter its order:

A. Approving this Application and authorizing the Debtor to employ DSI for the purposes set forth in this Application;

B. Authorizing the Debtor's execution of the Engagement Agreement;

C. Authorizing the Debtor to pay DSI the compensation set forth herein without the need for further application to the Court; and

D. Providing such other and further relief as is just and proper.

DATED: September 24, 2004

/s/ Scott A. Stichter
Scott A. Stichter
Florida Bar No. 0710679
STICHTER, RIEDEL, BLAIN
 & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing DEBTOR'S APPICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC. AS CONSULTANTS FOR GOLD COAST

5

RESTAURANTS, INC. NUNC PRO TUNC TO SEPTEMBER 22, 2004 has been furnished by the Court's CM/ECF system or U.S. MAIL on the **24th** day of **September, 2004**to:

    Joseph J. Luzinski
    DEVELOPMENT SPECIALISTS, INC.
    200 South Biscayne Boulevard – Suite 900
    Miami, Florida 33131-2321

    Office of the United States Trustee
    501 East Polk Street
    Tampa, Florida 33602

                                      /s/ Scott A. Stichter
                                      Scott A. Stichter
                                      Florida Bar No. 0710679

F:\User\HPS\Chapter 11s\Gold Coast\Misc\employ (DEVELOPMENT) application.doc